**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA RUGH, as Mother of<br>Audrey Lynn Lawson, Deceased, | )<br>)<br>) |
| Plaintiff, | ) Case No.<br>) |
| vs. | ) Jury Trial Demanded<br>) |
| FEDEX FREIGHT, INC., | )<br>)<br>) |
| SERVE:  Registered Agent<br>         CT Corporation System<br>         120 South Central Avenue<br>         Clayton, Missouri 63105<br>         (St. Louis County, MO) | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| DAVID K. STEVENS, | )<br>) |
| SERVE:  HOLD SERVICE | )<br>) |
| Defendants. | ) |

**COMPLAINT**

**Wrongful Death**

Comes now Plaintiff Angela Rugh, Mother of Audrey Lawson, Deceased, by and through counsel, and for her cause of action against Defendants FedEx Freight, Inc. and David K. Stevens, jointly and severally, states:

Plaintiff

1.  That Plaintiff Angela Rugh (hereinafter referred to as "Plaintiff Rugh") is an individual, over the age of 21, and is a resident of West Virginia.  At all times relevant herein,

Plaintiff Rugh was the mother of decedent Audrey Lynn Lawson, and this action is brought pursuant to Mo.Rev.Stat. 537.080(1).

### Plaintiff Rugh's Decedent

2. That Plaintiff Rugh's decedent, Audrey Lynn Lawson, was a resident of Farmington, Missouri at the time of her death. Audrey Lynn Lawson was survived by her mother, Plaintiff Rugh. As such, and pursuant to R.S.Mo. 537.080.1(1), Plaintiff Rugh has standing to prosecute this wrongful death action and is the proper party to bring this action for the wrongful death of Audrey Lynn Lawson.

### Defendants

3. That Defendant FedEx Freight, Inc. (hereinafter "Defendant FedEx") provides delivery and transportation services in the State of Missouri and worldwide, and has its corporate headquarters at 2200 Forward Drive, Harrison, Arkansas 72601.

4. Defendant David K. Stevens (hereinafter "Defendant Stevens") resides at 38442 E County Road 1200N, Mason City, Illinois 62664 and was employed by Defendant FedEx and acting within the course and scope of his employment as a tractor-trailer driver at the time of the wreck.

### Jurisdiction and Venue

5. That this Court has original jurisdiction of this case, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states; venue is proper in the United States District Court, Eastern Division of Missouri, as the incident in question occurred in St. Francois County, Missouri.

Facts Common to All Counts

6. That on or about February 28, 2019 at approximately 2:45 p.m., Plaintiff Rugh's decedent, Audrey Lynn Lawson, was a passenger in a vehicle traveling northbound on U.S. 67 in St. Francois County, Missouri when at said time and place, Defendant FedEx, by and through its agent and employee, Defendant Stevens, was operating a tractor truck hauling two trailers northbound on U.S. 67.

7. That on said occasion, Defendant Stevens operated Defendant FedEx's white 2012 Kenworth T6000 VIN #49XXCJ335407 tractor truck, while hauling two of Defendant FedEx's 28 feet long trailers (2005 Wabash VIN # IJJV281W55L930135 and 2015 Wabash VIN #IJJV28108FL892383), into collision with the passenger side of the vehicle in which Plaintiff Rugh's decedent, Audrey Lynn Lawson, was the passenger, thereby killing Plaintiff Rugh's decedent.

COUNT I

WRONGFUL DEATH – NEGLIGENCE

Comes now Plaintiff Rugh, and for Count I of her Complaint against Defendant FedEx Freight, Inc. and Defendant Stevens for the death of Audrey Lynn Lawson, states:

8. Plaintiff Rugh re-alleges Paragraphs 1 through 7 as if fully set forth herein.

9. That the aforesaid collision and Audrey Lynn Lawson's death was directly caused or contributed to be caused by the negligence and carelessness of Defendant Stevens acting within the scope and course of his employment by Defendant FedEx in the following respects, to-wit:

a) Defendant Stevens operated Defendant FedEx's tractor-truck and two trailers at a rate of speed which was high, excessive, and dangerous under the circumstances;

b)  Defendant Stevens carelessly and negligently operated Defendant FedEx's tractor-truck and trailers at a rate of speed greater than was reasonable and proper with regard to the weather conditions;

c)  Defendant Stevens carelessly and negligently failed to reduce the speed of Defendant FedEx's tractor-truck and trailers to avoid a collision;

d)  Defendant Stevens, after he knew or should have known that there was a reasonable likelihood of collision, failed to stop, or slacken his speed, or swerve, or slacken his speed and swerved, when in the exercise of the highest degree of care, could have done so, and thus, thereby avoided said collision;

e)  Defendant Stevens, while operating Defendant FedEx's tractor-truck and trailers, failed to keep and maintain a constant, careful and vigilant watch and lookout ahead;

f)  Defendant Stevens, while operating Defendant FedEx's tractor-truck and trailers, followed the vehicle in which decedent Audrey Lynn Lawson was a passenger too closely;

g)  Defendant Stevens, while operating Defendant FedEx's tractor-truck and trailers, failed and omitted to keep and maintain a constant, careful, and vigilant watch and lookout ahead so as to see and discover the presence of the vehicle in which decedent Audrey Lynn Lawson was a passenger;

h)  Defendant Stevens operated Defendant FedEx's tractor-truck and trailers at an excessive speed under the prevailing circumstances and/or in violation of the statutes and/or ordinances governing the speed upon roadways upon which the collision occurred;

i)  Defendant Stevens was operating Defendant FedEx's tractor-truck and trailers too fast for the road conditions;

j) Defendant Stevens failed to keep a safe distance between Defendant FedEx's tractor-truck and trailers and the vehicle in which decedent Audrey Lynn Lawson was a passenger.

10. That as a direct and proximate result of the negligence of Defendants FedEx and Stevens, Plaintiff Rugh's decedent Audrey Lynn Lawson sustained injuries and endured physical pain and suffering and mental and emotional anguish prior to her death, and her demise and death on February 28, 2019 was proximately and directly caused by the occurrence described herein.

11. That as a direct and proximate result of the death of decedent Audrey Lynn Lawson, Plaintiff Rugh was required to expend, incur and become indebted for medical and funeral expenses.

12. That as a direct and proximate result of the death of decedent Audrey Lynn Lawson, Plaintiff Rugh has forever lost the services, love, care, comfort, society, companionship, support, and counsel of decedent Audrey Lynn Lawson and will incur such losses in the future.

13. Furthermore, decedent Audrey Lynn Lawson was caused to suffer pain and suffering prior to her death for which Plaintiff Rugh also seeks damages.  Plaintiff Rugh prays for recovery of all such damages under the Missouri Wrongful Death Statute, together with all damages decedent Audrey Lynn Lawson sustained before her death and for which she would have been entitled to recover had she lived.

14. Defendant Stevens and Defendant FedEx knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

15. That the conduct of Defendant Stevens or Defendant FedEx as described above showed complete indifference to or conscious disregard for the safety of Plaintiff Rugh's decedent and others, justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant Stevens and Defendant FedEx and to deter Defendant Stevens and Defendant FedEx and others from like conduct.

WHEREFORE, Plaintiff Rugh respectfully requests judgment for damages sustained, pursuant to the Missouri Wrongful Death Statute, against Defendants FedEx and Stevens, jointly and severally, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her costs and expenses herein, for punitive damages, and for such further relief as the Court deems just under the circumstances.

## COUNT II

### NEGLIGENCE PER SE AGAINST DEFENDANTS FEDEX AND STEVENS

Comes now Plaintiff Rugh, by and through counsel, and for Count II of her cause of action against Defendants FedEx and Stevens, alleges as follows:

16. Plaintiff Rugh re-alleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 15 of this Complaint as if said allegations were fully set forth herein.

17. Defendants FedEx and Stevens were negligent per se, and such action by Defendants directly and proximately caused or contributed to cause the aforementioned collision.

18. Defendants were negligent per se in relation to said collision in at least the following respects:

a) Defendants, while traveling on a Missouri public highway, violated R.S.Mo. 304.44 by following within three hundred feet of the vehicle in which Plaintiff Rugh's decedent was a passenger;

b) Defendants failed to operate the tractor truck and trailers in a careful and prudent manner as required by Mo.Rev.Stat. §304.010;

c) Defendants failed to operate the tractor truck and trailers at a reasonable speed under the circumstances so as not to endanger the life, limb or property of another as required by Mo.Rev.Stat. §304.012 and the revised ordinances of Ste. Genevieve County;

d) Defendants failed to keep a reasonably safe and prudent distance between the tractor truck and trailers and decedent Audrey Lynn Lawson's vehicle as required by Mo.Rev.Stat. §304.017 and Ste. Genevieve County revised ordinance of Section 304.220;

e) Defendant Stevens was negligent per se in that R.S.Mo. 304.012.1 states in part:

> "Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.";

f) Defendant Stevens was negligent per se in failing to travel at a safe rate of speed given the conditions and location in violation of R.S.Mo. 300.205;

g) Defendant Stevens was negligent per se in failing to drive in a careful and prudent manner in violation of R.S.Mo. 304.012.5.

19. That as a direct and proximate result of the negligence per se of Defendants, decedent Audrey Lynn Lawson sustained injuries and endured physical pain and suffering and mental and emotional anguish prior to her death, and her demise and death on February 28, 2019 was proximately and directly caused by the occurrence described herein.

20. That as a direct and proximate result of the death of decedent Audrey Lynn Lawson, Plaintiff Rugh was caused to expend and incur funeral and burial expenses.

21. That as a direct result of the negligence per se of Defendants, and the resultant death of Audrey Lynn Lawson, Plaintiff Rugh has forever lost the services, love, care, comfort, society, companionship, counsel, and support of decedent Audrey Lynn Lawson and will incur such losses in the future.

22. Furthermore, decedent Audrey Lynn Lawson was caused to suffer pain and suffering prior to her death for which Plaintiff Rugh also seeks damages; Plaintiff Rugh prays for recovery of all such damages under the Missouri Wrongful Death Statute, together with damages which decedent Audrey Lynn Lawson sustained before her death and for which she would have been entitled to recover had she lived.

23. Defendant Stevens and Defendant FedEx knew or had information from which Defendant Stevens and Defendant FedEx, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

24. That the conduct of Defendant Stevens and Defendant FedEx as described above showed complete indifference to or conscious disregard for the safety of Plaintiff Rugh's decedent and others, justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant Stevens and Defendant FedEx and to deter Defendant Stevens and Defendant FedEx and others from like conduct.

WHEREFORE, Plaintiff Rugh respectfully requests judgment for damages sustained, pursuant to the Missouri Wrongful Death Statute, against Defendants FedEx and Stevens, jointly and severally, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for punitive damages, her costs and expenses herein, and for such further relief as the Court deems appropriate.

## COUNT III

## NEGLIGENCE AGAINST DEFENDANT FEDEX

Comes now Plaintiff Rugh, by and through counsel, and for Count III of her cause of action against Defendant FedEx, alleges as follows:

25.  Plaintiff Rugh re-alleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 24 of this Complaint as if said allegations were fully set forth herein.

26.  That the aforesaid injuries and ultimate death of decedent Audrey Lynn Lawson was directly and immediately caused or directly contributed to be caused by the negligence and carelessness of Defendant FedEx through at least the following acts:

a)  Defendant FedEx ordered, instructed, and/or permitted Defendant Stevens to drive at an excessive speed in inclement weather;

b)  Defendant FedEx failed to enact rules and regulations covering proper operation of tractor trucks and trailers by employees, agents and/or representatives;

c)  Defendant FedEx failed to properly train or supervise Defendant Stevens in the operation of its tractor truck and trailers;

d)  Defendant FedEx negligently and carelessly trained and supervised Defendant Stevens;

e)  Defendant FedEx negligently retained Defendant Stevens as its agent, servant, representative and/or employee because it knew or should have known that retaining Defendant Stevens as its agent, servant, representative and/or employee would create a potential personal hazard to motorists;

f)  Defendant FedEx failed to enact and/or enforce rules and regulations covering proper operation of its tractor trucks and trailers in icy conditions.

27.  That as a direct and proximate result of the negligence of Defendant FedEx, decedent Audrey Lynn Lawson sustained injuries and endured physical pain and suffering and mental and emotional anguish prior to her death, and her demise and death on February 28, 2019 was proximately and directly caused by the occurrence described herein.

28.  That as a direct and proximate result of the death of decedent Audrey Lynn Lawson, Plaintiff Rugh was caused to incur funeral and burial expenses.

29.  That as a direct result of the negligence of Defendant FedEx, and the resultant death of decedent Audrey Lynn Lawson, Plaintiff Rugh has forever lost the services, love, care, comfort, society, companionship, counsel, and support of decedent Audrey Lynn Lawson, and will incur such losses in the future.

30.  Furthermore, decedent Audrey Lynn Lawson was caused to suffer pain and suffering prior to her death for which Plaintiff Rugh also seeks damages; Plaintiff Rugh prays for recovery of all such damages under the Missouri Wrongful Death Statute, together with all damages which decedent Audrey Lynn Lawson sustained before her death for which she would have been entitled to recover had she lived.

31.  Defendant FedEx knew or had information from which Defendant FedEx, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

32.  That the conduct of Defendant FedEx as described above showed complete indifference to or conscious disregard for the safety of Plaintiff Rugh's decedent and others, justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant FedEx and to deter Defendant FedEx and others from like conduct.

WHEREFORE, Plaintiff Rugh respectfully requests judgment for damages sustained, pursuant to the Missouri Wrongful Death Statute, against Defendant FedEx, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), punitive damages, for her costs and expenses herein, and for such further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ David G. Hughes*
David G. Hughes  47676
MOGAB & HUGHES ATTORNEYS, P.C.
701 Market Street, Suite 1510
St. Louis, Missouri 63101
(314) 241-4477 (Telephone)
(314) 241-4475 (Facsimile)
davidhughes@mogabandhughes.com

*Attorney for Plaintiff Angela Rugh*