## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ANGELA RUGH, as mother of           )
Audrey Lynn Lawson, deceased,       )
                                    )
    Plaintiff,              )
                                    )
    v.                      )      No. 4:20-CV-01566 JAR
                                    )
FEDEX FREIGHT, INC., and            )
DAVID K. STEVENS,                   )
                                    )
    Defendants/Third Party Plaintiffs,   )
                                    )
    v.                      )
                                    )
DAVID SLEDD,                        )
                                    )
    Third Party Defendant.  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants FedEx Freight, Inc. ("FedEx") and David Stevens ("Stevens")'s Joint Daubert Motions to Exclude the Testimony of Adam J. Sky, M.D. (Doc. No. 41) and Kristin K. Kucsma and Kenneth T. Betz (Doc. No. 43). The motions are fully briefed and ready for disposition.

**Background**

Plaintiff brings this action against FedEx and Stevens (collectively "Defendants") arising out of the death of her daughter, Audrey Lawson ("Lawson"), in a motor vehicle accident on February 28, 2019. On that date, Stevens was operating a tractor-trailer owned by FedEx on northbound U.S. Route 67 when he collided with the vehicle in which Lawson was a passenger, killing her. Plaintiff seeks damages under Missouri's wrongful death statute, R.S. Mo. § 537.080,

for, *inter alia*, the loss of her daughter's "services, love, care, comfort, society, companionship, support, and counsel." (Amended Complaint ("AC"), Doc. No. 7 at ¶¶ 12, 21, 29). Plaintiff has designated psychiatrist Adam J. Sky, M.D., and economists Kristin K. Kucsma and Kenneth T. Betz to provide expert opinions in this case.

**Legal standard**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. A district court acts as a "gatekeeper" when screening expert testimony for relevance and reliability. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590-93 (1993); Russell v. Whirlpool Corp., 702 F.3d 450, 456 (8th Cir. 2012). To satisfy the reliability requirement, the party offering the expert testimony "must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." Barrett v. Rhodia, Inc., 606 F.3d 975, 980 (8th Cir. 2010) (quoting Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 757 (8th Cir. 2006)). To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. Id.

The Court in Daubert emphasized that the inquiry required by FRE 702 is intended to be flexible. 509 U.S. at 594. The Daubert analysis was extended to all expert testimony, as opposed to only "scientific" testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 135, 147 (1999). Due to the liberalization of expert testimony admission standards signaled by Daubert and its progeny, and the codification of this trend by FRE 702, the Eighth Circuit has held that expert testimony should be liberally admitted. Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 562 (8th Cir. 2014) (citing United States v. Finch, 630 F.3d 1057, 1062 (8th Cir. 2011) (doubts about usefulness of expert testimony are resolved in favor of admissibility)); Robinson v. GEICO

Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006) (expert testimony should be admitted if it advances the trier of fact's understanding "to any degree"); Lauzon v. Senco Prod., Inc., 270 F.3d 681, 686 (8th Cir. 2001) (FRE 702 "clearly is one of admissibility rather than exclusion") (quotations omitted). As long as the expert testimony rests upon "good grounds, based on what is known," it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded at the outset. Id. (citing Daubert, 509 U.S. at 596). Exclusion of an expert opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury." Wood v. Minnesota Mining & Mfg. Co., 112 F.3d 306, 309 (8th Cir. 1997) (citation and quotation marks omitted).

**Motion to exclude opinions and testimony of Dr. Sky**

Plaintiff designated Dr. Sky as a retained expert "expected to testify concerning the effect that her daughter's death has had on her from a psychiatric standpoint." (Doc. No. 42-2 at 2). Dr. Sky performed an independent psychiatric evaluation of Plaintiff on February 11, 2022 during which Plaintiff reported that she had arrived at the scene of the accident and learned of her daughter's death. In his report Dr. Sky opines that Plaintiff has developed posttraumatic stress disorder (PTSD) and a major depressive disorder with anxious distress "[p]ertaining to and as a direct result of witnessing the aftermath of her daughter's death as a result of the motor vehicle accident of February 28, 2019." (Doc. No. 40-1 at 6-7). He further concludes, "It is my opinion to a reasonable degree of medical certainty that the prevailing and predominant cause of [Plaintiff's] current psychiatric symptoms and diagnoses was her experiences as a result of death of and witnessing the aftermath of the death of her daughter on February 28, 2019." (Id. at 7).

Defendants do not dispute Dr. Sky's qualifications.[1] Rather, Defendants argue that Dr. Sky's opinions regarding Plaintiff's alleged PTSD and major depressive disorder relate to damages for grief and bereavement, which are not recoverable as part of a wrongful death claim. See R.S. Mo. § 537.090 ("The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable."). As such, Dr. Sky's opinions and testimony will not assist the trier of fact to understand the evidence or determine a fact in issue and are, therefore, not relevant. Defendants further argue that even if such damages might be recoverable upon pleading and proving a claim for negligent infliction of emotional distress, no such claim has been asserted by Plaintiff.

In response, Plaintiff argues that Dr. Sky has offered appropriate qualified opinions concerning the loss she has suffered as a result of her daughter's death, including her daughter's companionship, comfort, and counsel as defined from a psychiatric perspective (see Sky Depo., Doc. No. 50-4 at 56:2-9; 56:14-57:11; 59:13-60:2), all of which are recoverable under Missouri's wrongful death statute. Defendants reply that neither Dr. Sky's report nor his testimony establishes the relevance of his diagnoses of PTSD and major depressive disorder to any compensable damages under R.S. Mo. § 537.090, particularly given his testimony that the loss of companionship, comfort, counsel, and support, are not criteria for those diagnoses. (Sky Depo., Doc. No. 53-1 at 64:16-65:7). In further reply, Defendants argue that whether Plaintiff lost the

---

[1] Dr. Sky is a board-certified psychiatrist licensed in the State of Missouri since 1988. He has been an Assistant Clinical Professor in the Department of Psychiatry and Human Behavior at Saint Louis University from 1992 to present; a Preceptor at St. Mary's Internal Medicine Residency Program from 1997 to date; a Preceptor at Washington University School of Medicine from 2006 to date; the Medical Director of the Department of Psychology at SSM St. Mary's Health Center from 1999 to date; and from 2001 to date, has resumed private psychiatric practice. Dr. Sky is a member of the American Medical Association, the American Psychiatric Association, and the Eastern Missouri Psychiatric Association. (Sky Curriculum Vitae, Doc. No. 50-3).

value of her daughter's companionship, comfort, counsel, and support is not a matter requiring expert testimony as it is a fact question within the understanding of the jury.

A district court has "great latitude" in determining whether expert testimony meets the requisites of FRE 702." Allen v. Brown Clinic, P.L.L.P., 531 F.3d 568, 573 (8th Cir. 2008). In ascertaining whether expert testimony will reliably aid the trier of fact, the Court should examine factors pertinent to the case, including whether the proposed expert sufficiently connects the proposed testimony with the facts of the case. Presley v. Lakewood Eng'g & Mfg. Co., 553 F.3d 638, 643 (8th Cir. 2009) (internal quotation marks and citation omitted). Section 537.090 "is clear that in determining damages, the fact finder considers losses with references to the particular persons on whose behalf the suit was brought and the relationship of the deceased with those particular persons." Evans v. FirstFleet, Inc., 345 S.W.3d 297, 305 (Mo. Ct. App. 2011) (quoting Call v. Heard, 925 S.W.2d 840, 851 (Mo. banc 1996)). The physical, emotional, and psychological relationship between a parent and child must be considered when computing the loss of companionship, comfort, counsel, and support of a child for a parent. Id. (citing Henderson v. Fields, 68 S.W.3d 455, 486 (Mo. Ct. App. 2001)).

In the Court's view, expert psychiatric testimony describing the effect of the injury on the parent-child relationship may be important in establishing the nature and extent of the plaintiff's loss. See, e.g., Gaither by & through Chalfin v. City of Tulsa, 664 P.2d 1026 (Okla. 1983) (in action for wrongful death of child, trial court properly admitted testimony of mother's psychiatrist relative to her emotional suffering for purposes of proving destruction of parent-child relationship, loss of love and companionship, and emotional suffering). "This testimony is helpful to: (i) provide a reasonably reliable basis for consideration of an award of damages; (ii) prevent the trier of fact from relying on mere speculation and conjecture; and (iii) prevent resort

to legal assumptions and conclusion which have little or no supporting medical or other reasonably reliable data." Id. at 1030 (citing Wilson v. Lund, 491 P.2d 1287, 1290, 1293 (Wash. 1971)).

The Court finds Dr. Sky's opinions relevant and admissible on the issues concerning the effect of the injury on the parent-child relationship as well as the nature and extent of Plaintiff's loss of companionship, comfort, counsel, and support. Defendants' motion to exclude his testimony will therefore be denied. To ensure that the jury does not consider Dr. Sky's opinions and testimony for an improper purpose, the Court will consider a limiting instruction.

**Motion to exclude opinions and testimony of Kucsma and Betz**

Plaintiff designated Ms. Kucsma and Mr. Betz of Sobel Tinari Economics Group to testify regarding their appraisal of economic loss Plaintiff has suffered due to the death of her daughter, including: (1) household services; (2) care services to mother; (3) companionship services to mother; (4) advice and counsel services to mother ("replacement services"); and (5) loss of Lawson's adjusted income. In their appraisal, Ms. Kucsma and Mr. Betz opine within a reasonable degree of economic certainty that the total value of the past and future pecuniary losses resulting from Lawson's death amounts to between $6,736,968.00 and $7,100,218.00, $1,026,082 of which represents lost adjusted income attributed to Lawson's death. (Sobel Report, Doc. No. 44-1 at 3, 17).

Defendants do not challenge Ms. Kucsma and Mr. Betz's qualifications[2] or their testimony concerning replacement services. Rather, Defendants object to the portion of Ms.

---

[2] Ms. Kucsma is the Managing Director and Chief Economist at Sobel Tinari Economics Group. She has worked and taught in the field of economics for over 30 years, specializing in the fields of applied microeconomic theory, American economic history, macroeconomic theory and business cycles, and banking structure and regulations. Ms. Kucsma has a master's degree in Economics from Rutgers University and a bachelor's degree in Economics from Seton Hall University. (Kucsma Curriculum Vitae, Doc. No. 51-3). Mr. Betz is a Senior Economist at Sobel Tinari. He has over 40 years of experience in the

Kucsma and Mr. Betz's expert opinions pertaining to Lawson's lost adjusted income. Defendants note that at the time of the accident, Lawson was disabled as a result of kidney disease and had stopped working in 2014 due to her disability. (Sobel Report at 5-6). Defendants argue that Ms. Kucsma and Mr. Betz's assumption that Lawson would have received a kidney transplant and returned to full-time employment by January 1, 2021 is not based on any supporting medical opinions related to her kidney disease and disability status. As such, their opinions and testimony regarding lost future income are not the product of reliable principles and methods and should be excluded.

Plaintiff responds that challenges to the factual basis of an expert's report goes to the credibility of the testimony, not to its admissibility. See In re Viagra Prod. Liab. Litig., 572 F. Supp. 2d 1071, 1077 (D. Minn. 2008). In further response, Plaintiff states that she anticipates introducing evidence of her daughter's kidney condition and pending transplant at trial. (See Doc. Nos. 51-5, -6). Defendants reply that the medical records Plaintiff references do not state with any degree of medical certainly that Lawson would have received a necessary kidney transplant, that such a transplant would have been successful, or that such a transplant would have improved her kidney disease to allow her to return to work until Plaintiff's statistical date of death.

As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not admissibility. See Bonner v. ISP Tech., Inc., 259 F.3d 924, 929 (8th Cir. 2002). Defendants' challenge to the factual basis for Ms. Kucsma and Mr. Betz's opinions on lost income should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded at the outset. Daubert, 509 U.S. at 596; Sphere Drake Ins. PLC

---

field of economics, specializing in macroeconomic theory, monetary policy, corporate finance, and forensic economics. Mr. Betz has master's degrees in Economics and Business Administration and Finance from Fairleigh Dickinson University. (Betz Curriculum Vitae, Doc. No. 51-4).

v. Trisko, 226 F.3d 951, 954-55 (8th Cir. 2000). Defendants' motion to exclude their testimony will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants FedEx Freight, Inc. and David Stevens' Joint Daubert Motion to Exclude the Testimony of Adam J. Sky, M.D. [41] is **DENIED.**

**IT IS FURTHER ORDERED** that FedEx Freight, Inc. and David Stevens' Joint Daubert Motion to Exclude the Portion of Testimony of Kristin K. Kucsma and Kenneth T. Betz Regarding Lost Income [43] is **DENIED.**

Dated this 17th day of November, 2022.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**